Gennaro Calabrese, Appellee, v. Anton J. Cermak, Bailiff, Appellant.

Gen. No. 21,341.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLAR-ENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 28, 1916.

### Statement of the Case.

Action in replevin by Gennaro Calabrese, plaintiff, against Anton J. Cermak, bailiff of the Municipal Court, defendant. From a judgment in favor of plaintiff, defendant appeals.

The suit was tried before the court without a jury. The court found the defendant Cermak guilty and the right of possession of the property in question in plaintiff. The property was levied on under a judgment in favor of the Common Sense Company against Calabrese's brother Vincent. No propositions of law were submitted to the court to be held as such and no question of law was otherwise presented in the record. The only question considered by the Appellate Court was the sufficiency of the evidence as to the ownership of the property.

The property levied on consisted of a soda water fountain, a show case, a safe and cash register in a drug store that had been owned and conducted by Vincent for some years. Being indebted to Gennaro he executed a bill of sale to him of the drug stock and fixtures, including said property so levied on, on September 19, 1913. Gennaro took possession on that date and sought to evidence the transaction by recording his bill of sale September 22nd. He hired a party to conduct the store and gave Vincent desk room there-

Calabrese v. Cermak, 198 Ill. App. 418.

in for another line of business. His possession seemed to have been an open one. It was conceded that no notice of the sale was previously given to the Common Sense Company. While such company had received an order from Vincent for goods prior to said sale, it did not deliver them until subsequent thereto, and there was no evidence that established either in law or fact the relationship of creditor and debtor between said company and Vincent prior to said sale.

DANIEL M. MICKEY, for appellant.

No appearance for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

REPLEVIN, § 124*—*when evidence sufficient to show ownership in plaintiff*. In a replevin action where the property levied on had been turned over to plaintiff by bill of sale, which was recorded, and such property, consisting of a soda fountain, show case, etc., in a drug store, was so given on account of indebtedness of plaintiff's brother to him and plaintiff's possession was open, and the judgment creditor on behalf of whom the levy was made did not appear to have been a creditor of plaintiff's brother prior to the sale, the evidence *held* sufficient to establish that the transaction in the bill of sale was valid and free from fraud, and that the ownership of the property was in plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.